Case 1:26-cr-00249-CM Document 17 Filed 09/08/26 Page 1 of 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/2026

Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara Giwa
*Executive Director and*
*Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

MEMO ENDORSED

September 8, 2026

9/9/26

The modifications to Mr. Uddin's conditions of release as requested herein are granted.

Colleen McMahon

**BY ECF**
Honorable Colleen McMahon
United StatesDistrict Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: United States v. Jarif Uddin**
**26 Cr. 249 (CM)**

Dear Judge McMahon :

I write to respectfully request that the Court modify Mr. Uddin's conditions of release by replacing the existing condition of home detention with location monitoring with a curfew and continued location monitoring, with the hours and monitoring technology to be determined by Pretrial Services. Neither Mr. Uddin's Pretrial Officer, Taelor Nisbeth, nor the Government opposes the requested modification.

Mr. Uddin was released on March 13, 2026, subject to a $150,000 personal recognizance bond and a number of conditions, including home detention with location monitoring, Pretrial Services supervision, restrictions on travel and internet and device use, and continued employment or education. Following the Government's appeal of the release order, Judge Abrams continued Mr. Uddin's release and added the condition that he undergo a mental health evaluation and treatment as directed by Pretrial Services.

Mr. Uddin has now been under the supervision of Pretrial Services for nearly six months and has remained on home detention with location monitoring throughout that period. He has complied with those requirements, with no unauthorized departures during his period of supervision. He reports to his Pretrial Services Officer as directed, complies with the parameters of his approved

Case 1:26-cr-00249-CM Document 17 Filed 09/08/26 Page 2 of 2

leave, is actively engaged in mental health treatment, and attends classes at Bronx Community College. He is also subject to drug testing, and all of his tests have been negative.

There was one instance of noncompliance during this period involving Mr. Uddin's device restrictions. In May, Pretrial Services notified Magistrate Judge Lehrburger that Mr. Uddin had used his younger brother's laptop, which was not an approved device, to complete college assignments. Mr. Uddin acknowledged doing so, apologized, and agreed not to use any device that had not been approved and monitored by Pretrial Services. He thereafter purchased a laptop for his schoolwork that was approved by Pretrial Services, and Pretrial Services installed the required monitoring software on the laptop. Pretrial Services reminded Mr. Uddin of the parameters of the Cybercrime Management Program, reviewed his device restrictions with his family, and did not seek any action from the Court. There have been no further concerns regarding his compliance with the device restrictions.

Mr. Uddin's conduct over the course of nearly six months of supervision supports the requested modification and shows that a curfew with continued location monitoring is sufficient to reasonably assure his appearance and the safety of the community. A curfew would continue to impose meaningful restrictions on Mr. Uddin's liberty while providing him greater flexibility to attend school, participate in treatment, seek employment and continue moving toward a productive and law-abiding life.

Respectfully submitted,

*/s/ Amy Gallicchio*

Amy Gallicchio
Assistant Federal Defender
(212) 417-8728

Cc: AUSA Andrew Stahl
PTSO Taelor Nisbeth